IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-19-1297 |
| WARDEN WALTER WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending is Azaniah Blankumsee's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, asserting he has fully completed the sentence imposed for violating his probation. Respondents filed a Limited Answer, seeking to dismiss the Petition as time-barred. Blankumsee filed a Reply in opposition and requests leave to file an additional traverse which will be granted. The Court will direct Respondents to supplement their Limited Answer.

## THE PETITION

This Petition concerns Blankumsee's sentences in *State of Maryland v. Azaniah Blankumsee,* Case No. 21-K-04-034142 (Wash. County, filed June 17, 2004)[1] and *State v. Blankumsee,* Case No. 21-K-02-03059 (Wash. County, filed July 12, 2002). ECF No. 1 at 1. Blankumsee asserts that he is "attacking two of his sentences which have been served in their entirety less any credits" and seeks his immediate release from incarceration. ECF No. 1 at 1.

---

[1] To the extent the Petition challenges his judgment of conviction or sentences in *State of Maryland v. Blankumsee*, Case No. 21-K-04-034142 (Wash. County, filed June 17, 2004), this Petition represents the third § 2254 Petition in which Blankumsee has presented such claims. *See Blankumsee v Graham*, Civil Action No. PWG-16-3436 (D. Md. January 8, 2019)(dismissing case as time-barred); *Blankumsee v. Warden Ricky Foxwell, et al.*, Civil Action No. PWG-18-2110 (D. Md.). A second or successive § 2254 petition requires Blankumsee to obtain prefiling authorization from the United States Court of Appeals for the Fourth Circuit before the claims asserted may be considered by this Court. 28 U.S.C. § 2244(b)(3)(A).

Blankumsee states:

> On 3-14-2005, Petitioner was sentenced to 8 years consecutive to Case No. 21-K-04-034142l; however on 2-09-2007, Petitioner was sentenced to a 30 year sentence, and a 15 year sentence, both to begin on 5-26-2004, and both to run concurrent to all, or any other outstanding or unserved sentence, and begin on 5-26-2004.

ECF No. 1 at 1–2.

Liberally construing these assertions, Blankumsee alleges that both the 8-year sentence in Case No. 21-K-02030159 and the 15-year sentence in Case No. 21-K-04-03414 have been served in their entirety, by virtue of application of diminution of confinement credits, entitling him to immediate release.  ECF No. 1 at 2.  He asserts that the rule of lenity requires any ambiguity in a criminal statute to be construed in his favor.  *Id*.

## BACKGROUND

Blankumsee was charged in the Circuit Court for Washington County of armed robbery and other offenses in *State v. Blankumsee*, Case No. 21-K-02-030159 (Wash. County, filed July 12, 2002).  ECF 6-1 at 17–18.  On March 20, 2003, Blankumsee pleaded guilty to conspiracy to commit armed robbery.  ECF 6-1 at 11. He was sentenced that same day to a 10-year term of incarceration, all of which was suspended (except for time served), with 3 years of supervised probation. ECF No. 6-1 at 11.

On December 3, 2004, a jury in the Circuit Court for Washington County found Blankumsee guilty of felony murder, armed robbery, six counts of attempted second-degree murder, six counts of first-degree murder, six counts of first-degree assault, armed robbery, handgun offense, and related offenses in *State v. Blankumsee,* Case No. 21-K-04-034142 (Wash. County, filed June 17, 2004).  *See* ECF No. 22 at 1, *Blankumsee v Graham*, Civil Action No. PWG-16-3436 (D. Md. January 8, 2019) (dismissing case as time-barred).  He was sentenced on February 16, 2005. *Id*.

2

On March 14, 2005, Blankumsee pleaded guilty to violating his probation in Case No. 21-K-02-030159 by incurring new convictions in the 2004 Case. ECF 6-1 at 4. For violating his probation, the court sentenced Blankumsee to an 8-year term of incarceration (with 20 days credit for time served), to be served consecutively to the sentence imposed in the 2004 Case. ECF No. 1-1 at 1; ECF No. 6-1 at 4. Blankumsee did not file an application for leave to appeal. *See generally* Md. Code Ann., Cts. & Jud. Proc. § 12-302(g).

On March 17, 2005, Blankumsee filed a Motion for Reconsideration of Sentence under Maryland Rule 4-345(e) which the Circuit Court held *sub curia*. ECF No. 6-1 at 4. He filed another Motion for Reconsideration of Sentence on May 16, 2013. *Id*. at 3. On June 17, 2013, the Circuit Court denied the 2013 Motion for Modification. *Id.* It is unclear whether March 17, 2005 Motion for Reconsideration has been denied. *Id.* at 3–4.

On August 8, 2006, the Court of Special Appeals vacated Blankumsee's felony murder conviction and sentence but affirmed his other convictions. *Blankumsee v. State*, No. 2841, Sept. Term, 2004, slip op. at 14 (Md. Ct. Spec. App., Aug. 8, 2006), ECF No 5-1 at 144, *Blankumsee v. Foxwell, et al*., Civil Action No. PWG-18-2110 (D. Md.).

On February 9, 2007, the Circuit Court resentenced Blankumsee on the counts on which it had declined previously to impose sentence. The court vacated the first-degree murder conviction, and sentenced Blankumsee to an aggregate of 45 years incarceration. ECF No. 5-1, at 145–48, 153, Civil Action No. PWG-18-2110, *Blankumsee v. Foxwell, et al*., (D. Md.).

Blankumsee's Petition was received by the Clerk for filing on May 1, 2019, and will be deemed filed on April 29, 2019. *See Houston v. Lack*, 487 U.S. 266 (1988) (adopting the "mailbox rule" for prisoner filings). Blankumsee filed a motion for leave to file a traverse to the Government's Opposition on February 28, 2020. ECF No. 11.

**DISCUSSSION**

To begin, the proposed traverse reiterates Blankumsee's claims, and argues for the first time that his plea was involuntarily entered. ECF No. 11-1 at 4. Since Respondents have filed a Limited Answer addressing only the timeliness of the Petition, Blankumsee will be permitted to amend the Petition to include this new claim. The traverse is accepted as filed.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A Motion for Reconsideration under Md. Rule 4-345 tolls the running of the limitations period. *Mitchell v Green*, 922 F.3d 187, 195 (4th Cir. 2019). Because it is unclear whether Blankumsee's 2005 Motion for Reconsideration of his sentence for violating his probation remains pending, dismissal of the Petition as untimely is inappropriate. Respondents shall supplement the Limited Answer to address Blankumsee's assertion that he is entitled to release.

**CONCLUSION**

For the reasons set forth above, the traverse is accepted as filed and the Court directs Respondents to file a supplement to their Limited Answer.

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 22nd day of May, 2020, by the United States District Court for the District of Maryland, hereby ordered:

1. Petitioner's Request to File a Transverse (ECF No. 11) IS GRANTED and the traverse is accepted as filed;

2. Respondents SHALL FILE a supplement to the Limited Answer within twenty-eight days; and

3. The Clerk SEND a copy of this Order and Memorandum Opinion to Petitioner and to counsel for Respondents.

                                                                      /S/_____
                                                  Paul W. Grimm
                                                  United States District Judge