IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-19-1297 |
| WARDEN WALTER WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

**MEMORANDUM OPINION AND ORDER**

This case involves Azaniah Blankumsee's pro se Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. In their Limited Answer and Supplement, the latter filed at the direction of the Court, Respondents seek dismissal of Blankumsee's petition as time-barred. ECF No. 6, 13. Blankumsee has filed a Reply, and a Motion to for Leave to File a Traverse, which was granted. *See* ECF Nos. 7, 11, 12. Also pending is Blankumsee's Motion for Default Judgment. ECF No. 14.

There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth below, the Motion for Default Judgment will be denied and the Petition will be denied and dismissed as time-barred.

**THE PETITION**

This Petition challenges Blankumsee's custody for violating his probation in *State v. Blankumsee,* Case No. 21-K-02-03059 (Wash. County, filed July 12, 2002) (ECF No. 1 at 1). Blankumsee asserts that he is "attacking two of his sentences which have been served in their

entirety less any credits" and seeks his immediate release from incarceration. ECF No. 1 at 1.[1]

Blankumsee states:

> On 3-14-2005, Petitioner was sentenced [in case No. 21-K-02030159] to 8 years consecutive to Case No. 21-K-04-034142; [2] however on 2-09-2007, Petitioner was sentenced to a 30 year sentence, and a 15 year sentence, both to begin on 5-26-2004, and both to run concurrent to all, or any other outstanding or unserved sentence, and begin on 5-26-2004.
>
> **********
>
> Therefore, the 8 year sentence in case no. 21-K-02030159 begin [sic] on 5/26/04, and ended on 5/26/12.

ECF No. 1 at 1, 2. He asserts that the rule of lenity requires any ambiguity in a criminal statute to be construed in his favor. *Id.* at 2.

## PROCEDURAL HISTORY

On March 20, 2003, Blankumsee pleaded guilty to conspiracy to commit armed robbery. *State of Maryland v. Blankumsee,* Case No. 21-K-02-030159 (Wash. County, filed July 12, 2002) (ECF 6-1 at 11). He was sentenced that same day to a 10-year term of incarceration, all suspended except for time served and 3 years of supervised probation. *Id*.

On December 3, 2004, Blankumsee was convicted of felony murder, armed robbery, six counts of attempted second-degree murder, six counts of first-degree assault, handgun offenses, and other related offenses in *State of Maryland v. Azaniah Blankumsee,* Case No. 21-K-04-034142 (Wash. County, filed June 17, 2004). *See* ECF No. 22 at 1, *Blankumsee v Graham*, Civil

---

[1] Blankumsee does not assert that he was denied diminution of confinement credits toward his sentence.

[2] To the extent this Petition may also be challenging Blankumsee's judgment of conviction and sentences in *State of Maryland v. Blankumsee*, Case No. 21-K-04-034142 (Wash. County, filed June 17, 2004), the Petition is successive and may not be considered without prefiling authorization from the United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). *See Blankumsee v Graham*, Civil Action No. PWG- 16-3436 (D. Md. January 8, 2019) (dismissing petition as time-barred); *Blankumsee v. Warden Ricky Foxwell, et al.*, Civil Action No. PWG-18-2110 (D. Md. May 22, 2020) (dismissing petition as successive).

Action No. PWG-16-3436 (D. Md. January 8, 2019) (summarizing the procedural history of Case No. 21-K-04-034142).  On February 16, 2005, the court imposed a life sentence for felony murder, the armed robbery conviction was merged, the court having concluded this was the underlying felony for felony murder purposes, a thirty year sentence to run concurrently with the life sentence for felony murder, and a first degree assault conviction was merged under principles of merger and/or lenity.  The sentences for the other twenty-four convictions were either merged or imposed to run concurrently with the other sentences.  This included a fifteen year term of incarceration for Blankumsee's conviction on Count 41 (first degree assault) to be served consecutive to all other sentences imposed in the case.  *See Blankumsee v. State of Maryland*, No. 2841, Sept. Term, 2004, slip op. at 14 (Md. Ct. Spec. App., Aug. 8, 2006) (summarizing conviction and sentences); *see also Blankumsee v. Foxwell*, Civil Action No. PWG-18-2110 (D. Md. May 22, 2020), Sentencing Transcript, ECF No. 5-2 at 28-31; ECF No. 14 at 2-6 (outlining sentencing history and amended commitment records).

On March 14, 2005, Blankumsee pleaded guilty to violating his probation in Case No. 21-K-02-030159 by incurring the new convictions and was sentenced to an 8-year term of incarceration to be served consecutively to the sentence imposed in Case No. 21-K-04-034142.  ECF No. 1-1 at 1-2; ECF 6-1 at 4.  Blankumsee did not file an application for leave to appeal.  *See generally* Md. Code Ann., Cts. & Jud. Proc. § 12-302(g).

On March 17, 2005, Blankumsee filed a timely Motion for Reconsideration of Sentence under Maryland Rule 4-345(e) which the Circuit Court held *sub curia*.[3]  ECF No. 6-1 at 4.  He filed another Motion for Reconsideration of Sentence on May 16, 2013, which was denied on

---

[3]     "*Sub curia*" is a Latin term which means "under law."  An action of the court requiring that consideration of a matter be held pending resolution due to a legal requirement (a procedure, rule or statutory requirement) that prevents finality is held *sub curia*.  *See* https://mdcourts.gov/reference/glossary.

June 17, 2013. (*Id*. at 3-5). It was unclear whether the denial also addressed the 2005 Motion for Reconsideration. *Id.*

On August 8, 2006, the Court of Special Appeals vacated Blankumsee's felony murder conviction and sentence, but affirmed his other convictions. *Blankumsee v. State*, No. 2841, Sept. Term, 2004, slip op. at 14 (Md. Ct. Spec. App., Aug. 8, 2006), ECF No 5-1 at 144, Civil Action No. PWG-18-2110, *Blankumsee v. Warden Ricky Foxwell, et al*., (D. Md. May 22, 2020).

On February 9, 2007, the Circuit Court resentenced Blankumsee on the counts on which it had declined previously to impose a sentence. Blankumsee was sentenced to a total of 45 years of incarceration. ECF No. 5-1, at 145–48, 153.

On April 29, 2019, Blankumsee's filed this habeas Petition. *See Houston v. Lack*, 487 U.S. 266 (1988) (adopting the "mailbox rule" for prisoner filings).

On August 12, 2019, Respondents filed a Limited Answer, arguing that the Petition is untimely. ECF No. 6. On February 28, 2020, Blankumsee filed a Motion for Leave to File a Traverse, which was granted. ECF Nos. 11, 12. The Traverse added a new claim challenging the validity of Blankumsee's March 20, 2003 guilty plea. ECF No. 11-5.

On May 22, 2020, the Court directed Respondents to supplement the Limited Answer within twenty-eight days, noting that the status of Blankumsee's Motion for Reconsideration filed on March 17, 2005 was unclear. ECF 12 at 3. Specifically, because it was unstated whether the 2005 motion was ever in fact denied as opposed to the May 16, 2013 motion, which was denied on June 17, 2013, it was inappropriate to dismiss the Petition as untimely. ECF 12 at 3. Respondents filed the Supplement on May 29, 2020. ECF No. 13.

On June 24, 2020, Blankumsee filed a Motion for Default Judgment, ECF No. 14, alleging Respondent's supplement was not filed within the prescribed time. Respondents'

supplement was timely filed; thus, the Motion for Default Judgment will be denied.

## DISCUSSSION

### Statute of Limitations

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year period is tolled (paused) while a "properly filed" application for state post-conviction or other collateral review pertinent to the judgment is pending. *See* 28 U.S.C. § 2244(d)(2). A Motion for Reconsideration under Maryland Rule 4-345 tolls the running of the limitations period. *See Mitchell v Green*, 922 F.3d 187, 195, 198 (4th Cir. 2019).

The one-year limitations period also may be equitably tolled. *See Wall v. Kholi,* 562 U.S. 545, 549 (2011); *Holland v. Florida,* 560 U.S. 631, 650–51 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only where there are "extraordinary circumstances." *Holland*, 560 U.S. at 634. A petitioner must establish either that some wrongful

conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. Equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F.3d at 330. A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). However, only "'reasonable diligence'" is required. *Holland*, 560 U.S. at 653 (citation omitted).

**Analysis**

The date most favorable to Blankumsee for calculating the timeliness of the Petition is the date when the facts underlying his claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(D). That date is February 9, 2007, when the Circuit Court resentenced Blankumsee, which is also the date Blankumsee argues he completed his 8-year sentence for violating his probation.[4] Accordingly, the limitations period started to run on February 9, 2007, and expired one year later on February 9, 2008. 28 U.S.C. § 2244(d)(1). Blankumsee filed this Petition more than eleven years later on April 29, 2019. Consequently, unless the limitations period was statutorily or equitably tolled, the Petition is time-barred.

---

[4] Respondents accurately observe that even if the limitations period was determined to begin to run when Blankumsee states his 8-year sentence expired on May 26, 2012 (ECF No. 1 at 2), this later date does not alter the outcome of the analysis. Blankumsee's Petition would have been filed more than six years after the limitation period expired. ECF No. 6 at 9-10 nn. 6-7.

As noted above, a Rule 4-345 Motion for Reconsideration tolls the running of the limitations period. *See Mitchell*, 922 F.3d at 195, 198.

Maryland Rule 4-345(e) provides:

> [u]pon a motion filed within 90 days after imposition of a sentence . . . in a circuit court . . ., the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence was imposed on the defendant . . . .

The 90-day filing deadline is mandatory and unless satisfied, the circuit court is not vested with revisory power over the sentence. *Tolson v. State*, 201 Md. App. 512, 517–18 (2011) (circuit court does not acquire jurisdiction to reconsider sentence if a motion is not timely filed within 90 days of sentencing). Once vested by filing a timely motion, the court's authority to revise a sentence expires after five years. *State v. Schlick,* 465 Md. 566, 569 (Md. 2019).[5]

Blankumsee filed a timely motion for sentencing reconsideration on March 17, 2005, three days after sentencing on the probation violation on March 14, 2005, which the docket entries in the record show was held *sub curia*. ECF 6-1 at 4. In their supplement, Respondents explain that the Limited Answer construed Blankumsee's later May 16, 2013 Motion for Reconsideration as a "request for a hearing on the timely motion filed on March 17, 2005," in order to avoid attributing a "*Tolson* error" to the trial court. ECF No. 13 at 7 – 8. Under this analysis, accounting for the statutory tolling of the limitations period from March 17, 2005 through June 17, 2013, the Petition remains untimely because it was filed almost six years (June 17, 2013 – April 29, 2019) outside the limitations period. *Id.*

Respondents assert that if the express text of the docket entries in the record indicates that

---

[5] The five-year limit on the court's authority to modify a sentence was added to the Rule effective July 1, 2004. *See* Md. Rule 4-345. *See Mitchell v. Green*, 922 F.3d 187, 193 (4th Cir. 2019) (discussing Rule 4-345); *Schlick*, 465 Md. at 575 (noting that prior to 2004, Rule 4-345 placed no time limit on the court's revisory power once a timely motion was filed).

7

the March 17, 2005, Motion for Reconsideration was not denied on June 17, 2013, ECF No. 12 at 3, then the Motion expired under operation of law under Maryland Rule 4-345 and *Schlick*, on March 14, 2010, five years from the date he was sentenced on the probation violation. Under this analysis, the limitations period tolled from March 17, 2005 to March 14, 2010, and the Petition is untimely filed by more than nine years (March 14, 2010 – April 29, 2019).[6] Neither analysis renders the Petition timely.

Blankumsee does not assert he is entitled to equitable tolling. *See* ECF Nos. 1, 7, 11. He asserts no wrongful conduct by Respondents which contributed to his belated filing. To the extent Blankumsee's summary reference to "ambiguous claims" in his Reply is liberally construed to constitute an allegation that the dates of his sentences were ambiguous, see ECF No. 7 at 3, he fails to provide any reason why he waited six years after May 26, 2012, the date he claims he completed his sentence, see ECF No. 1 at 2, to file for federal habeas relief. Consequently, he is unable to demonstrate extraordinary circumstances and diligent pursuit of his claims for equitable tolling to apply.[7] Having determined the Petition untimely, the Court will not consider the parties' other arguments.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a

---

[6] If the May 16, 2013 Motion was a new motion, it arguably was not "properly filed" under the holding in *Tolson*, and as such did not toll the running of the one-year limitations period set forth at 28 U.S.C. § 2244(d)(2).

[7] In any event, recordation of a sentence's start date is a ministerial matter of state law. *Krempa v. Parrish,* DKC-12-841, 2012 WL 6738287, at *6 (D. Md., Dec. 27, 2012) ("Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that "it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions")). Absent a violation of a federal constitutional right, a petitioner's challenge to a criminal sentence is not cognizable in federal collateral proceedings. 28 U.S.C. § 2254(a) (authorizing a federal court to entertain a state prisoner's habeas petition "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States").

Certificate of Appealability will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Blankumsee has not made a substantial showing of the denial of his constitutional rights, this Court will not issue Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, the Court will deny the Motion for Default Judgment and deny and dismiss the Petition as untimely.

## ORDER

For reasons stated in the foregoing Memorandum Opinion, it is this 22nd day of July, 2020, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Default Judgment (ECF No. 14) IS DENIED;
2. The Petition, ECF No. 1, IS DENIED and DISMISSED as time-barred;
3. The Court DECLINES to ISSUE a Certificate of Appealability;
4. The Clerk SHALL SEND a copy of this Order and Memorandum Opinion and Order to Petitioner and to counsel; and
5. The Clerk SHALL CLOSE this case.

                                           /S/
                                       Paul W. Grimm
                                       United States District Judge